UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ERIC HAFNER,

    Plaintiff,

v.                             Case No. 2:24-cv-165

PHILLIP B. SCOTT, Governor; CHARITY
R. CLARK, Attorney General; SARAH
COPELAND HANZAS, Secretary of State,

    Defendants.

**ORDER**

On February 5, 2024, Plaintiff Eric Hafner, a New Jersey prisoner representing himself, filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 together with a proposed Complaint. He seeks to bring an action alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 against Defendants Vermont Governor Phillip B. Scott, Vermont Attorney General Charity R. Clark, and Vermont Secretary of State Sarah Copeland Hanzas, all in their official capacities, in connection with his purported run for the Democratic Party's nomination for the State of Vermont's seat in the United States House of Representatives. He asserts that the Vermont statutes governing elections are unconstitutional both as applied to him and facially as they "impermissibly add unconstitutional requirements to the office" beyond the Constitution. (Doc. 1-2 at 7.) He seeks declaratory and injunctive relief.

**I.      Plaintiff's Prior and Concurrent Litigation**

Plaintiff has filed similar litigation in multiple federal district courts across the country claiming to be a candidate for congressional races in at least seven other states in addition to Vermont. *See Hafner v. Oregon*, 3:23-cv-1859, slip op. (D. Or. Jan. 9, 2024) (dismissed on 28 U.S.C. § 1915(e)(2) review as frivolous); *Hafner v. Lombardo*, 2:23-cv-2141, 2024 WL

398630 (D. Nev. Feb. 1, 2024) (dismissed on 28 U.S.C. § 1915A review for lack of standing); *Hafner v. Mills*, 1:23-cv-463, 2024 WL 264094 (D. Me. Jan. 24, 2024) (dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A review for lack of standing and failure to state a claim); *Hafner v. Reeves*, 3:23-cv-3179 (S.D. Miss Dec. 27, 2023) (pending); *Hafner v. Grisham*, 1:23-cv-1151 (D.N.M Dec. 26, 2023) (pending); *Hafner v. Hochul*, 1:23-cv-9517 (E.D.N.Y. Dec. 21, 2023) (pending); *Hafner v. Murphy*, 2:24-cv-81 (D.N.J. Jan. 3, 2024) (pending).

## II.     28 U.S.C. § 1915

To proceed with a civil action in this court, a prisoner must either pay $405 in fees, a $350 filing fee plus a $55 administrative fee, or file an application for leave to proceed IFP, *i.e.*, without prepayment of fees. *See* 28 U.S.C § 1915(a) ("any court . . . may authorize the commencement [of an action] without prepayment of fees[.]"). Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action . . . [IFP] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (explaining Congress amended the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch").

Prisoners granted IFP status are permitted to proceed without prepaying the entire $350 filing fee at the time of filing the complaint; instead, the fee is deducted from the prisoner's account in increments, as set forth in § 1915(b)(1).[1] *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan). The Second Circuit has

---

[1] The $55 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915(b). A prisoner proceeding IFP must pay "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to [his or her] account[] or . . . the average monthly balance in [the] account for the 6-month period immediately preceding the filing of the complaint[.]" § 1915(b)(1)(A)–(B). Thereafter, the prisoner must "make monthly payments of 20 percent of the preceding month's income credited to [his or her] account . . . until the filing fees are paid." *Id.* § 1915(b)(2).

implemented the PLRA by requiring "a signed statement authorizing the agency holding the prisoner in custody" to, among other things, "calculate and disburse funds from the prison account, as required by subsection 1915(b), including the initial partial filing fee payment and the subsequent monthly payments." *Leonard v. Lacy*, 88 F.3d 181, 187 (2d Cir. 1996).

This court's Local Rules direct a "party seeking to proceed [IFP] [to] refer to the Application to Proceed [IFP] available on the court's website." D. Vt. L.R. 3(c). The IFP documents on the court's website include the statement that: "I hereby authorize the agency having custody of me to collect from my prison or jail account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2)." Affidavit in Support of Application to Proceed *in Forma Pauperis* at 3, available at www.vtd.uscourts.gov/filing-without-attorney.

In this case, Plaintiff submitted the Administrative Office's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form). (Doc. 1.) That form does not include an authorization regarding collection of the required filing fee. In the absence of Plaintiff's authorization, which is required in this Circuit, the court will not adjudicate his IFP Application and potentially order that the filing fee be collected. Plaintiff must either pay the $405 in total fees or submit a completed prisoner authorization.

### III.    28 U.S.C. § 1915A

If Plaintiff pays the entire fee or is subsequently granted IFP status, the court must conduct an initial screening of his Complaint. Under 28 U.S.C. § 1915A(a), federal courts must review complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). A reviewing court must dismiss a prisoner's complaint, or any portion of it, that is frivolous or malicious, fails to

3

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Plaintiff will be obligated to pay the civil case filing fee of $350 whether his Complaint is dismissed upon initial review or not. *See Anderson v. Colosi*, No. 20-CV-2021, 2021 WL 964210, at *1 (N.D.N.Y. Mar. 15, 2021) (explaining a prisoner proceeding IFP "is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit").

## CONCLUSION

Plaintiff must either pay the $405 in total fees or submit a completed prisoner authorization on or before April 26, 2024. For Plaintiff's convenience, the Clerk's Office is respectfully requested to include this court's IFP Affidavit which includes the authorization. If Plaintiff complies with this Order, his IFP Application will be considered, and the Complaint will be reviewed in accordance with 28 U.S.C. § 1915(e)(2) and § 1915A. Failure to respond to this Order shall result in dismissal of the case without prejudice.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 27th day of March, 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court