UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ERIC HAFNER,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIP B. SCOTT, Governor; CHARITY R. CLARK, Attorney General; SARAH COPELAND HANZAS, Secretary of State,<br><br>    Defendants. | Case No. 2:24-cv-165 |

## ORDER

A review of the docket in this case reveals the following:

1. On February 5, 2024, incarcerated Plaintiff Eric Hafner, representing himself, filed an Application for Leave to Proceed *in Forma Pauperis* and a proposed Complaint.

2. On March 27, 2024, the Court issued an Order requiring that Plaintiff either pay the $405 in civil case filing fees or submit a completed prisoner authorization on or before April 26, 2024. Plaintiff was warned: "Failure to respond to this Order shall result in dismissal of the case without prejudice." (Doc. 2 at 4.)

3. On April 9, 2024, the copy of the March 27 Order sent to Plaintiff was returned to the court as undeliverable.

4. On April 12, 2024, the court sent a copy of the March 27 Order to Plaintiff at FCI Otisville pursuant to information listed on the Federal Bureau of Prisons inmate locator.

5. No further filings have been received as of the date of this Order.

Pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). In addition, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

The Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In this case, no defendant has been served.

Plaintiff has failed to keep the court apprised of his current address as required by the Local Rules and has not responded to the March 27 Order. Plaintiff was warned that his failure to respond would result in dismissal of this case without prejudice. Accordingly, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with court rules and orders.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 29th day of May, 2024.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court